UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONDRE RAGLIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>SHALABI ENTERPRISES, LLC, et al.,<br><br>                    Defendants. | Case No. 5:22-cv-01298-FLA (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. 18]** |

### RULING

Before the court is Plaintiff Deondre Raglin's ("Plaintiff" or "Raglin") Motion for Default Judgment against Defendant Shalabi Enterprises, LLC ("Defendant" or "Shalabi").  Dkt. 18 ("Mot.").  On January 17, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 20, 2023.  Dkt. 19; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

Plaintiff has failed to meet the initial burden to demonstrate the merits of his substantive claims.  The court, therefore, DENIES Plaintiff's Motion for Default Judgment with 30 days' leave to file an amended complaint or amended motion.

///

///

1

## BACKGROUND

Plaintiff is a California resident who suffers from paraplegia due to a T8 spinal cord injury. Dkt. 1 ("Compl.") ¶ 4. As a result, Plaintiff is substantially limited in his ability to walk, and requires use of a wheelchair at all times when in public. *Id.*

Plaintiff alleges Defendant owns the real property located at or about 1800 N. Long Beach Blvd., Compton, California (the "Property"), which is operated as market open to the public (the "Business"). *Id.* ¶¶ 5, 9. Plaintiff further alleges he attempted to visit the Business in or about May 2022, but encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business. *Id.* ¶¶ 9-10. Specifically, Plaintiff alleges the Business failed to provide and maintain accessible parking spaces that complied with the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*, "ADA") and California Building Code ("CBC"). *Id*. ¶¶ 9-28.

Plaintiff filed the Complaint on July 25, 2022, alleging five causes of action for: (1) violation of the ADA; (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53, the "Unruh Act"); (3) violation of the California Disabled Persons Act (Cal. Civ. Code §§ 54-55); (4) violation of the California Business & Professions Code § 17200 *et seq.*; and (5) negligence for a breach of duty under the identified statutes. *Id*. at 4-12. Defendant did not respond to the Complaint.

On July 26, 2022, the court Ordered Plaintiff to Show Cause ("OSC") why the court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Dkt. 11. Plaintiff responded to the OSC on August 9, 2022. Dkt. 13. After reviewing Plaintiff's response, the court declined to exercise supplemental jurisdiction over the state law claims and dismissed these claims without prejudice. Dkt. 14. Only the first cause of action for violation of the ADA remains.

On November 22, 2022, Plaintiff filed a request for the court clerk to enter default against Defendant. Dkt. 16. The court clerk entered default against Defendant on November 23, 2022, pursuant to Fed. R. Civ. P. 55(a) ("Rule 55"). Dkt. 17. On

December 23, 2022, Plaintiff filed the present Motion for Default Judgment ("Motion"), seeking injunctive relief, reasonable attorney's fees, and litigation expenses. Mot. Plaintiff served the Motion upon Defendant on December 23, 2022. *See* Dkt. 18-6.

## DISCUSSION

### I. Procedural Requirements

In this district, an application for a default judgment must be accompanied by a declaration in compliance with Rule 55(b)(1) and (2), that includes the following:

> (a) When and against what party the default was entered;
> (b) The identification of the pleading to which default was entered;
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
> (e) That notice has been served on the defaulting party, if required by [Fed. R. Civ. P.] 55(b)(2).

Local Rule 55-1.

The instant Motion and supporting materials state: (a) default was entered against Defendants on November 22, 2022; (b) default was entered by a clerk of the court on the operative Complaint; (c) Defendant is not a minor or incompetent person; (d) the Soldiers' and Sailors' Civil Relief Act of 1940 does not preclude default on this action; and (e) Defendant was served notice of the filing of the Summons and Complaint on October 19, 2022. Dkt. 18-2 ("Kim Decl.") ¶¶ 3, 5; Dkt. 15. This is sufficient to satisfy the procedural requirements of Local Rule 55-1.

### II. Legal Standard

The court clerk is generally authorized to enter a default judgment at a plaintiff's request against a defendant, who is neither a minor nor an incompetent person, without a court hearing or judicial action if the claim is for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other

cases, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Default judgments are ordinarily disfavored, as cases should be decided on their merits whenever reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Rule 55 gives the court considerable discretion as to what it may require as a prerequisite to the entry of a default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* (paragraph breaks omitted).

"If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). "'The general rule of law is that upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo*, 826 F.2d at 917-18 (citations omitted). However, facts which are not established by the pleadings or claims which are not well-pleaded cannot support a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988). While the factual allegations of the Complaint are deemed admitted on application for default judgment, legal conclusions are not. *See DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

## III. Sufficiency of Plaintiff's Remaining Cause of Action for Violation of the ADA

### A. Discrimination under the ADA

Title III of the ADA prohibits discrimination by public accommodations. *Karczewski v. DCH Mission Valley LLC,* 862 F.3d 1006, 1009 (9th Cir. 2017). "Public accommodations must start by considering how their facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience." *Id.* Pursuant to 42 U.S.C. §12182(a): "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). In the context of existing facilities, discrimination includes "a failure to remove architectural barriers … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

"In addition, even if 'an entity can demonstrate that the removal of a barrier … is not readily achievable,' the entity is still liable under the ADA if it fails to 'make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods' so long as such 'such methods are readily achievable.'" *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. §12182(b)(2)(A)(v)) (alterations in original). "The ADA defines

5

the phrase 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Id.* (citing 42 U.S.C. §12181(9)).

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of litigation." *Chapman*, 631 F.3d at 946. Once a plaintiff establishes Article III standing as a result of at least one barrier at a place of public accommodation, he or she "may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Id.* at 950-51.

### B. Plaintiff's Disability

Plaintiff attests he suffers from paraplegia due to a T8 spinal cord injury and uses a wheelchair for mobility at all times when traveling in public. Compl. ¶ 1; Dkt. 18-3 ("Raglin Decl.") ¶ 2. On the subject Motion, Plaintiff's testimony is sufficient to establish he is disabled within the meaning of the ADA. *See TeleVideo*, 826 F.2d at 917-18.

### C. Defendant's Ownership, Lease, or Operation of a Place of Public Accommodation

Plaintiff contends he encountered barriers when Defendant failed to provide and maintain an accessible parking space at the Property. Compl. ¶ 10; Raglin Decl. ¶ 4. The Business qualifies as a public accommodation under 42 U.S.C. § 12181(7)(E). Plaintiff presents evidence Defendant is the owner of the Business and the Property. Kim Decl. ¶ 4. This evidence is sufficient to establish Defendant owns, leases, or operates a place of public accommodation and to establish the second element of Plaintiff's claim. *See Goddard*, 603 F.3d at 670.

### D. Denial of Public Accommodation

According to Plaintiff, on the date of his visit, Defendant failed to: (1) properly paint and maintain the parking space designated for persons with disabilities, in violation of the CBC, (2) mark the designated parking space with the International Symbol of Accessibility in violation of the CBC, (3) provide an access aisle that was

level with the parking space, in violation of the ADA, and (4) provide a ramp for the access aisle that satisfied the requirements of the ADA. Compl. ¶¶ 20-26. Plaintiff states the barriers and conditions he encountered denied him full and equal access to the Business and caused him difficulty, discomfort, frustration, or embarrassment. *Id.* ¶ 11; Dkt. 18-4 ("Mot. Br.") at 2. The court will address Plaintiff's claims regarding violations of the CBC and ADA separately.

### 1.   Plaintiff's Claims Regarding Violations of the CBC

Plaintiff alleges Defendant violated the ADA because it did not provide an accessible parking space that complied with the painting and marking requirements of California Building Code §§ 11B-502.3.3 and 11B-502.6.4 *et seq.* Compl. ¶¶ 19-22. Plaintiff does not identify specifically any legal authority to establish that a violation of these provisions of the California Building Code also constitutes a violation of the ADA. *See* Mot. Br. Plaintiff, thus, fails to demonstrate he is entitled to default judgment on this portion of his ADA claim, and the court will not grant the Motion on this basis.

### 2.   Plaintiff's Claims Regarding Violations of ADA Standards

The technical structural requirements for places of public accommodation to comply with the ADA are defined, in part, by the ADA Accessibility Guidelines ("ADAAG"), which the Department of Justice ("DOJ") promulgated in 1991 and revised in 2010.[1] 36 C.F.R. §1191.1(a); *Chapman*, 631 F.3d at 945 (citing 28 C.F.R. § 36.406(a) and 28 C.F.R. pt. 36, app. A); *see also Kohler v. Flava Enters.*, 826 F.

---

[1] The 1991 ADAAG Standards are codified in 28 C.F.R. part 36, appendix D. 28 C.F.R. § 36.104. The 2010 Standards are codified in 28 C.F.R. part 36, subpart D and in the versions of the appendices B and D to 36 C.F.R. part 1191 published in the 2009 edition of the Code of Federal Regulations. 28 C.F.R. § 36.104; 36 C.F.R. § 1191.1(a) n. 2. Section 1191.1(a), note 2, specifically cautions that subsequent revisions to appendices B and D of that section should not be used by the public because they are not included in the 2010 Standards and have no legal effect for facilities subject to its ADA regulations until adopted by the DOJ.

Case 5:22-cv-01298-FLA-JPR   Document 20   Filed 05/01/23   Page 8 of 13   Page ID #:129

Supp. 2d 1221, 1229 (S.D. Cal 2011).

In existing facilities,[2] all architectural and structural elements must comply with the 1991 Standards to the extent compliance is readily achievable. 28 C.F.R. § 36.304(a), (d)(2), (d)(3). "Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards." 28 C.F.R. § 36.304(d)(2)(i). This safe harbor does not apply to elements in existing facilities that are subject to supplemental requirements under the 2010 Standards, which "must be modified to the extent readily achievable to comply with the 2010 Standards." *Id.* § 36.304(d)(2)(iii). Accordingly, the 2010 Standards apply only to elements of existing facilities that (1) have been altered on or after March 15, 2012, and fail to comply with the requirements of the 1991 Standards, or (2) are subject to supplemental requirements for which there were no corresponding technical and scoping specifications in the 1991 Standards. 28 C.F.R. § 36.304(d)(2).

In the Complaint, Plaintiff alleges Defendant violated the ADA by failing to comply with provisions of the 1991 and/or 2010 Standards. Compl. ¶¶ 16-18, 23-26 Plaintiff, however, does not specify which version of the Standards apply to the Business and Property, and states only that "Defendant[] [is] in violation of Plaintiff's rights under the ADA and its related regulations." *See* Compl. ¶ 27; Mot. Br. at 8. To the extent Plaintiff intends to argue that Defendant violated the 2010 Standards, he neither pleads nor presents evidence to establish the Business or any relevant portion of the Property was constructed or altered after March 15, 2012, or that any elements are subject to supplemental requirements under the 2010 Standards. *See* 28 C.F.R.

---

[2] "Facility means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 36.104.

8

§ 36.304(a), (d)(2). Plaintiff, thus, fails to establish that the 2010 Standards apply here. Nevertheless, for the sake of completeness, the court will discuss Plaintiff's allegations regarding both the 1991 and 2010 Standards below.

First, Plaintiff contends Defendant violated Section 4.6.3 of the 1991 Standards and/or Section 502.4 of the 2010 Standards with respect to the slope of the access aisle for the designated parking space. Compl. ¶¶ 25-26. Section 4.6.3 of the 1991 Standards provides in relevant part: "Parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions." 28 C.F.R. part 36, App. D. Section 502.4 of the 2010 Standards provides in relevant part: "Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. EXCEPTION: Slopes not steeper than 1:48 shall be permitted." 36 C.F.R. part 1191, App. D.[3] Plaintiff does not specify which of these two Standards apply, and states only that "[h]ere, the access aisles are not level with the parking space." Compl. ¶ 26.

Plaintiff also does not plead any specific facts concerning the slope of the access aisle or parking space, or present any evidence to establish that the Business failed to comply with any of the Sections identified in the Complaint. To the extent Plaintiff seeks to allege the Property failed to comply with the 1991 Standards, Plaintiff does not establish that the slope of the access aisle and parking space exceeded 1:50 in all directions. To the extent Plaintiff seeks to allege the Property failed to comply with the 2010 Standards, Plaintiff does not establish the slope exceeded 1:48. Plaintiff's conclusory statements that Defendant failed to provide

---

[3] The Advisory note to Section 502.4 of the 2010 Standards states: "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. The exception allows sufficient slope for drainage. Built-up curb ramps are not permitted to project into access aisles and parking spaces because they would create slopes greater than 1:48." 2010 Standards § 502.4 Advisory.

compliant access aisles are insufficient to support Plaintiff's request for default judgment on this basis for his ADA claim. *See DirecTV*, 503 F.3d at 854.

Second, with respect to Plaintiff's claim regarding Defendant's failure to provide a compliant ramp for the access aisle, Plaintiff appears to allege Defendant violated Sections 4.8.6, 4.8.7, 4.8.8, and 4.5.1 of the 1991 Standards. *See* Compl. ¶ 23. Section 4.8.6 of the 1991 Standards provides: "The cross slope of ramp surfaces shall be no greater than 1:50." 28 C.F.R. part 36, App. D. Section 4.8.7 provides: "Ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp. Curbs shall be a minimum of 2 in (50 mm) high." *Id.* Section 4.8.8 provides: "Outdoor ramps and their approaches shall be designed so that water will not accumulate on walking surfaces." *Id*. Finally, Section 4.5.1 provides: "Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, [and] slip-resistant." *Id.*

Plaintiff does not identify which of these provisions he alleges Defendant violated, or plead any facts to establish the manner in which any such violation occurred. Instead, Plaintiff states only that "[h]ere, Defendants failed to provide a compliant ramp for the access aisle." Compl. ¶ 24. This allegation is conclusory and insufficient to establish that the Building or Property failed to comply with the 1991 or 2010 Standards. *See DirecTV*, 503 F.3d at 854. Plaintiff, thus, fails to demonstrate he is entitled to default judgment on this portion of his ADA claim.

Third, Plaintiffs' ADA claim additionally fails because he does not plead any facts or present evidence to establish that (1) removing the barriers alleged would be readily achievable, or (2) if removal is not readily achievable, Defendant could have made the Business more accessible to Plaintiff through alternative means without much difficulty or expense. *See Lopez*, 974 F.3d at 1034 (citing 42 U.S.C. §§ 12182(b)(2)(A)(iv)-(v)).

///

In *Lopez*, 97 F.3d at 1035-36, the Ninth Circuit adopted the burden-shifting framework for evaluating barrier removal claims that was first established in *Colorado Cross Disability Coalition v. Hermanson Family Limited Partnership*, 264 F.3d 999 (10th Cir. 2001). Under this framework, a plaintiff bears the initial burden of production to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Id.* at 1038 (adopting the Second Circuit's approach in *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008)). "If the plaintiff makes a plausible showing that the requested accommodation is readily achievable, the burden then shifts to the defendant to counter the plaintiff's initial showing, and at that point the district court is required under the statute to weigh each of the [42 U.S.C. § 12181(9)] factors to determine whether removal of the architectural barrier is readily achievable or not." *Id.* at 1038-39.

These factors include:

(A) the nature and cost of the action needed…;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

"[P]laintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier," though it is in their "best interest to submit as much evidence as

possible pertaining to each of the § 12181(9) factors in their initial barrier-removal proposal[.]" *Lopez*, 974 F.3d at 1038-39.

Here, Plaintiff fails to meet his initial burden on this issue. Plaintiff does not plead or present any evidence regarding methods of barrier removal that do not exceed the benefits under the circumstances. *See* Compl. The Complaint alleges only:

> At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations. …

Compl. ¶ 14. These allegations are legal conclusions that the court does not treat as admitted on the subject Motion. *See DirecTV*, 503 F.3d at 854.

Although Plaintiff raises in his Motion that "Defendant only needs to restripe the parking space and access aisle with the International Symbol of Accessibility, the 'NO PARKING' marking and blue hatched lines, provide a proper ramp, and level the access aisle with the parking space," Plaintiff did not plead such facts in his Complaint and does not present any evidence sufficient to meet his initial burden under 42 U.S.C. § 12181(9). *See* Mot. Br. at 8-9; *Lopez*, 974 F.3d at 1038-39.

Accordingly, Plaintiff fails to establish sufficiently a violation of the ADA on this additional basis.[4]

---

[4] The court further notes that Plaintiff's request for default judgment fails because Plaintiff does not identify, specifically, the terms of the injunction sought and the conduct he would like the court to order Defendant to take. *See Lopez*, 974 F.3d at 1035 ("[A]t the outset, a plaintiff must make clear what accommodation is needed, and disability accommodations can be idiosyncratic."). Plaintiff's Prayer for Relief requests injunctive relief "directing Defendants to comply with the Americans with Disability Act…." Compl. at 11, Prayer ¶ 1. The Motion does not provide any additional details regarding the specific relief sought, and requests "an Order directing the Defendant to: make alterations in such a manner that, to the maximum extent feasible, the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant is readily accessible to and usable by individuals with

### E.     Conclusion Regarding the Merits of Plaintiff's ADA Claim

In sum, the court finds Plaintiff has not pleaded facts or submitted evidence sufficient to establish the substantive merits of his ADA claim, and is not entitled to default judgment on the subject Motion. *See Eitel*, 782 F.2d at 1471-72. Having denied the Motion on this basis, the court need not address the remaining *Eitel* factors. *See id.*

### CONCLUSION

For the aforementioned reasons, the court DENIES Plaintiff's Motion for Default Judgment, with 30 days' leave to file an amended complaint or motion for default judgment. Failure to file an amended complaint or motion timely shall result in the dismissal of the action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: May 1, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

disabilities at the property located at or about [the Property]." Mot. at 2. Plaintiff is not entitled to a general order enjoining Defendant to comply with the ADA, and must identify specifically the readily achievable accommodations he seeks.